IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN,<br><br>Plaintiff,<br>v.<br><br>TERRY STALLMAN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:13-cv-00409-DN<br><br>District Judge David Nuffer |

On March 27, 2015, Defendant Terry Stallman, proceeding *pro se*, filed this motion for summary judgment ("Motion").[1] Defendant argues that Plaintiff's claims should be summarily dismissed on the basis of lack of jurisdiction, the good faith transferee defense, and the lack of a Ponzi scheme presumption. Plaintiff, R. Wayne Klein ("Receiver"), filed his opposition to Defendant's Motion on April 24, 2015.[2] Defendant has not filed a reply and the time to do so has passed.[3] For the reasons set for below, after reviewing the parties' memoranda and the relevant legal authorities, Defendant's Motion is hereby DENIED.

## BACKGROUND

This case arises out of an earlier filed lawsuit entitled *Securities and Exchange Commission v. National Note of Utah, LC et al*., Case No. 2:12-cv-00591-BSJ (D. Utah) (Jenkins, J.) (the "Civil Enforcement Action"). In the Civil Enforcement Action, the Securities and Exchange Commission ("SEC") is prosecuting Wayne LaMar Palmer, National Note and its affiliated entities (collectively "National Note"), for allegedly operating a Ponzi scheme. Shortly after the Civil Enforcement Action was filed, Mr. Klein was appointed to serve as Receiver for

[1] Defendant's Notice of Motion and Motion for Summary Judgment, docket no. 20, filed March 27, 2015.

[2] Response to Defendant's Motion for Summary Judgment ("Opposition"), docket no. 27, filed April 24, 2015.

[3] *See* DUCivR 7-1(b)(3)(A).

National Note and its affiliated entities. Pursuant to the order governing his appointment, the Receiver filed this case seeking "to avoid the transfers and/or recover the value of the transfers from Defendants for the benefit of the receivership estate established in the" Civil Enforcement Action.[4] The Receiver alleges, in his Complaint, that Defendant made a principal cash investment to National Note in the amount of $99,433.07.[5] Sometime thereafter, National Note transferred $110,146.09 to Defendant. This amount includes Defendant's original principal investment plus $10,713.02 in interest payments.[6] According to the Receiver, during the time Defendant received the additional interest payments, National Note operated as a Ponzi scheme, and therefore the $10,713.02 constitutes false profits, which must be returned to the receivership estate.[7]

## SUMMARY JUDGMENT

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[9] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[10]

---

[4] Complaint, docket no. 2, filed June 6, 2013.

[5] *Id.* at 4, ¶ 14.

[6] *Id.* ¶ 15.

[7] *Id.* ¶ 16.

[8] Fed. R. Civ. P. 56(a).

[9] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[10] *Id.*

## ANALYSIS

*A. Subject-Matter Jurisdiction Exists*

Defendant argues that there is no subject-matter jurisdiction. Defendant, in various portions of his memorandum argues, somewhat incomprehensibly, that because the Receiver "filed it under a different case number and simply referenced the SEC case against the alleged Ponzi scheme operation" that he "was not even joined in the 'same case or controversy.'"[11] Defendant further contends "[i]f anything, based on his minimal investment returns he would be a plaintiff in some other case against the National Note of Utah as opposed to expecting to have his case tried in a single judicial proceeding by the SEC against the alleged Ponzi scheme operator."[12] Defendant concludes that "because the alleged 'False Profit Transfers' amount does not exceed the [required] $75,000 minimum jurisdiction amount, this Court has no subject matter jurisdiction over the case."[13] The Receiver disagrees, arguing that "[s]ubject-matter jurisdiction over this proceeding exists under 28 U.S.C. § 1367(a), which governs supplemental jurisdiction of this Court . . . ."[14]

This court has subject-matter jurisdiction because this action is ancillary to the SEC Civil Enforcement Action which this Court has original jurisdiction. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all the claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."[15]

---

[11] Defendant's Statement of Uncontested Facts and Conclusions of Law in Support of Motion for Summary Judgment at 2, docket no. 20-2, filed March 27, 2015.

[12] *Id.*

[13] *Id.* at 4.

[14] Opposition at 11.

[15] 28 U.S.C.A. § 1367(a).

Thus, there is no need to meet the $75,000 jurisdictional requirement in the present action in order to maintain supplemental jurisdiction.

Defendant's argument that the Receiver's claims against him are not related to the same "case or controversy" that form the SEC claims in the Civil Enforcement Action is also incorrect. Over 100 years ago, the Supreme Court recognized "that a federal receiver may sue in the court of his appointment 'to accomplish the ends sought and directed by the suit in which the appointment was made,' and that 'such action or suit is regarded as ancillary' to the court's original subject matter jurisdiction."[16] It is also well-settled that a "federal court, which has appointed a receiver in a proceeding of which it has jurisdiction, has jurisdiction to entertain a suit or proceeding to collect or recover assets."[17] This court has subject matter jurisdiction over this action.

*B. Defendant Has Failed to Meet his Burden of Establishing the Good Faith Defense*

Defendant argues that he "took his minimal returns on a good faith believe that it was simply a return on his investment. The transfers were all before the SEC lawsuit was filed. There is no factual support in the Complaint that Mr. Stallman received the transfers other than in good faith."[18] The Receiver responds that "in this case such a defense does not apply as a matter of law."[19] The Receiver argues that Defendant's good faith is immaterial because Defendant cannot establish the second element of the good faith defense—that Defendant received the transfer for a reasonable equivalent value. The Receiver contends that "false profits paid in a Ponzi scheme

---

[16] *Merrill Scott & Associates, Ltd. v. Concilium Ins. Servs.,* 253 F. App'x 756, 761 (10th Cir. 2007).

[17] *Oils, Inc. v. Blankenship,* 145 F.2d 354 (10th Cir.1944).

[18] Motion at 4.

[19] Opposition at 15.

can never be 'value' as defined in [the Utah Fraudulent Transfer Act ("UFTA")] § 25-6-4, much less 'reasonably equivalent value.'"[20]

Under UFTA, a transfer is not voidable against a person who took in good faith and for reasonably equivalent value.[21] The burden is on the recipient of funds from a Ponzi scheme to establish both the element of good faith and the element of reasonably equivalent value.[22] Even assuming Defendant took in good faith, Defendant has failed to establish the element of reasonably equivalent value. Defendant argues in a conclusory fashion that National Note "did receive reasonably equivalent value from Stallman, the creditor, in exchange for the Transfers as evidenced by the Promissory Notes and the assets of the debtor were reasonably large in relation to the Transfer of money to Stallman."[23]

If, as the Receiver claims, National Note operated as a Ponzi scheme—an allegation not disputed by Defendant in his Motion—then it is well established that an investor in a Ponzi scheme does not exchange reasonably equivalent value for payments which exceed the investor's investments.[24] Defendant is entitled to his "profits" only if Defendant can show that National Note received a benefit in exchange for the transfer to the Defendant in excess of his deposits. The question of whether National Note received reasonably equivalent value "is answered from

---

[20] *Id.*

[21] *See* Utah Code Ann. § 25-6-9.

[22] *See Klein v. King & King & Jones, P.C.*, No. 2:12-cv-00051, 2013 WL 4498831, *2 (D.Utah Aug. 19, 2013) (unpublished) ("Good faith and reasonably equivalent value are independent components of this affirmative defense, and the burden is upon the Defendant to establish both the element of good faith and the element of value." ).

[23] Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, docket no. 20-1 at 2, filed March 27, 2015.

[24] *See Miller v. Wulf*, No. 1:12-CV-119-DN, 2015 WL 423241, at *5 (D. Utah Feb. 2, 2015) (citing *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995); *Wing v. Dockstader*, 482 Fed. Appx. 361 (10th Cir. 2012); *Donell v. Kowell*, 553 F.3d 762 (9th Cir. 2008)); *see also Perkins v. Haines*, 661 F.3d 623, 627 (11th Cir.2011) (stating that the general rule for Ponzi schemes "is that a defrauded investor gives 'value' to the Debtor in exchange for a return of the principal amount of the investment, but not as to any payments in excess of principal.").

the perspective of the tort creditors of [National Note], its defrauded investors."[25] From the defrauded investors' point of view, paying out profits to Defendant conferred no benefit on National Note, but merely depleted the company's resources. Defendant cannot be permitted to benefit from a fraud at the expense of other defrauded investors. Accordingly, Defendant has failed to meet his burden of establishing the good faith defense.

*C. Defendant is Not Entitled to Judgment as a Matter of Law on the Ponzi Scheme Presumption*

Defendant argues that "the Ponzi scheme presumption does not apply and therefore there are no triable issues of fact as to a fraudulent transfer."[26] Defendant states that there is a two-part test that must be satisfied before the Ponzi scheme presumption can apply. "First, the trustee must establish that the debtor actually operated a Ponzi scheme. Second, the trustee must establish that the subject transfer was made in furtherance of the Ponzi scheme."[27] Plaintiff does not dispute the first factor—whether the debtor operated a Ponzi scheme. But in regards to the second factor, Defendant concludes, without any analysis, that the Receiver "cannot establish a transfer made in furtherance of the Ponzi scheme."[28]

"Under the UFTA, once it is established that a debtor acted as a Ponzi scheme, all transfers by that entity are presumed fraudulent."[29] There is no need to consider the second factor once it is established that a debtor acted as a Ponzi scheme. The Receiver has filed a separate

[25] *Klein v. Bruno*, No. 2:12-CV-00058-BSJ, 2013 WL 6158752, at *2 (D. Utah Nov. 25, 2013) (citing *In re Jordan*, 392 B.R. 428, 441 (Bankr. D. Idaho 2008) ("Whether a debtor received a reasonably equivalent value is analyzed from the point of view of the debtor's creditors, because the function of this element is to allow avoidance of only those transfers that result in diminution of a debtor's ... assets."); *Donell*, 533 F.3d at 767 (explaining that, in a Ponzi scheme, the Ponzi scheme operator is the "debtor," and each good faith investor in the scheme who has not regained his initial investment is a "tort creditor")).

[26] Motion at 4.

[27] *Id.*

[28] *Id.*

[29] *Miller v. Kelley*, No. 1:12-CV-00056-DN, 2014 WL 5437023, at *5 (D. Utah Oct. 27, 2014) (quoting *Dockstader*, 482 Fed. Appx. at 363).

motion[30] for partial summary judgment which is currently pending. The Receiver, in his motion for partial summary judgment, provides a thorough analysis and accompanying documentation on the issue of whether National Note operated as a Ponzi scheme. Defendant recently responded to the Receiver's motion for summary judgment.[31] The Receiver's motion for summary judgment is the appropriate dispositive motion to address the issue of whether the Ponzi scheme presumption applies.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for summary judgment is DENIED.[32]

Dated July 14, 2015.

BY THE COURT:

David Nuffer
United States District Judge

[30] Plaintiff's Motion for Partial Summary Judgment and Memorandum of Law in Support, docket no. 17, filed February 26, 2015.

[31] Response to Plaintiff's Motion for Partial Summary Judgment, docket no. 30, filed July 13, 2015.

[32] Docket no. 20.